IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

    Appellee,

v.                                                            Case No. 3:16cr10

THEA A. FORE-DURHAM,

    Defendant/Appellant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant/Appellant Thea A. Fore-Durham's Appeal of the Magistrate Judge's Decision to the District Court (ECF No. 11). On January 19, 2016, Fore-Durham noted her appeal from the January 5, 2016 Judgment issued by the Honorable David J. Novak, United States Magistrate Judge, which sentenced Fore-Durham to 12 months' probation and a $10 Special Assessment (ECF No. 10). On February 24, 2016, Fore-Durham filed her brief in support of her appeal (ECF No. 17), and on March 7, 2016, the United States filed a brief in response (ECF No. 18). Fore-Durham has not filed a reply brief, and the time to do so has expired. Fore-Durham's appeal presents the following issue: "Whether the sentence imposed was procedurally and substantively reasonable under the circumstances?" (Fore-Durham Appeal Br. 1.)

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B).[1] For the reasons that follow, the Court will affirm the magistrate judge's findings and the sentence imposed.

---

[1] Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government."

I.  **BACKGROUND**

On September 24, 2015, the United States filed a one-count criminal information against Fore-Durham alleging that she drove her vehicle in a reckless manner, in that she drove 20 miles per hour over the speed limit, in violation of 18 U.S.C. § 13, assimilating Va. Code § 46.2-862. At Fore-Durham's initial appearance, the charge was amended to speeding 64 miles per hour in a posted 45-mile per hour zone, in violation of 32 C.F.R. § 634.25(f), assimilating Va. Code § 46.2-878. The maximum possible punishment for such a charge is 30 days' confinement, $5,000 fine, $10 special assessment, and up to 5 years' probation. On November 20, 2015, Fore-Durham pleaded guilty to the amended charge. The magistrate judge then scheduled a sentencing hearing for January 5, 2016.

Prior to the sentencing hearing, Fore-Durham submitted a sentencing position (ECF No. 8). Fore-Durham requested a sentence of a fine, arguing that a fine was warranted in light of her personal history, which included drug-addicted parents, her father being murdered, her own battle with addiction, and the death of an infant son. (Def.'s Sentencing Pos. 2–5.)

At the sentencing hearing, the United States likewise sought a sentence of a fine, but proposed an alternative sentence of 6 months' probation with 20 hours of community service. (Sentencing Transcript 4:19–5:2, ECF No. 16.) Fore-Durham's counsel highlighted Fore-Durham's history and characteristics in support of the imposition of a fine. The magistrate judge then expressed concern over whether a fine would appropriately deter future conduct and discussed the appropriateness of probation. (*Id.* 8:17–9:1.) Specifically, the magistrate judge explained:

> How does the fine help her though? A fine doesn't really—a fine is a nonstarter here because, first of all, either she's getting the money from somebody else, I gather, the fiance, right? But even if she does, she needs that money far more than the United States government needs it. I don't think that's the issue. I don't—fines are not going to deter conduct. It's not going to help her. If anything, it's going to hurt her. I don't think a fine is the answer. I think a term of probation is the answer here.

(*Id.* 8:17–9:1.) Noting the need to protect the public and address recidivism, the magistrate judge imposed a sentence of 12 months' probation, with various conditions, including requirements that Fore-Durham: (1) attend one meeting per week of "NA, AA, or a similar type of program"; (2) maintain contact with a probation-approved sponsor twice a week; complete 25 hours of community service; and (4) undergo any recommended mental health treatment. (*Id.* 15:14–16:15.) The Court indicated that early termination of her sentence would be considered if Fore-Durham maintained good behavior for 6 months. (*Id.* 16:16–20.) The magistrate judge ultimately sentenced Fore-Durham to 12 months' probation and a $10 Special Assessment.

## II.  **LEGAL STANDARD**

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within fourteen days of its entry. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial de novo." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

A district judge should affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (describing the standard of review by a court of appeals of a sentence by a district judge); *United States v. Riley*, 991 F.2d 120, 126 (4th Cir. 1993), *cert. denied*, 510 U.S. 949 (1993). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (citation omitted).

Absent a significant procedural error, the Court must assess the substantive reasonableness of the sentence imposed. *See id.* A "deferential abuse-of-discretion standard" applies to "any sentence, whether inside, just outside, or significantly outside the Guidelines range." *United States v. Savillon–Matute*, 636 F.3d 119, 122 (4th Cir. 2011) (citation omitted). As the Supreme Court of the United States has cautioned, "[t]he fact that the [reviewing] court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

### III. DISCUSSION

Fore-Durham challenges both the procedural and substantive reasonableness of her sentence. The Court addresses these arguments seriatim.

#### A. Procedural Reasonableness

The magistrate judge's sentence in this case was not procedurally unreasonable. Fore-Durham argues that the magistrate judge failed to adequately explain the chosen sentence (Fore-Durham Appeal Br. 7). This argument misses the mark.

After properly calculating the advisory guideline range and giving the parties an opportunity to argue for an appropriate sentence, a magistrate "judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49–50. That said, sentencing courts are "not required to provide a lengthy explanation or 'robotically tick through § 3353(a)'s every subsection.'" *United States v. Chandia*, 675 F.3d 329, 341 (4th Cir. 2012) (citing *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011)). In fact, "[t]o establish the reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record." *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006). Further, a sentencing court may reasonably give more weight to one of the § 3553(a) factors when fashioning a sentence. *See United States v. Pauley*, 511 F.3d 468, 476 (4th Cir. 2007) (citing *Gall*, 552 U.S. at 59; *Kimbrough v. United States*, 552 U.S. 85, 100–01 (2007)).

Here, the transcript of the sentencing hearing demonstrates that the magistrate judge at least considered the § 3553(a) factors:

> All right. Well, I've considered the factors in Section 3553(a) of Title 18. And I've given great weight to what Ms. Vidal wrote in her papers because, frankly, I was thinking about a jail sentence until now. But I'm weighing—look, I understand this is a speeding offense. And speeding is serious, but it's not the most serious thing in the world. But at the same time, the long criminal history—and that's still relatively recent with arrests, and stuff, concerns me. So in order to protect the public, and particularly due to the recidivism, as I noted, the sentence of the Court is going to be a 1-year term of probation. A—I'm going to find that the defendant lacks ability to pay a fine. But you're going to have to pay a $10 special assessment. I'm to give you six months to pay the $10 special assessment.

(Sentencing Transcript 15:4–19.) Further, prior to discussing the above reasons, the magistrate judge listened to Fore-Durham's counsel's argument regarding the requested imposition of a fine and engaged in conversation with respect to Fore-Durham's position. (*Id.* 6–11.) As noted earlier, the magistrate judge explained:

> How does the fine help her though? A fine doesn't really—a fine is a nonstarter here because, first of all, either she's getting the money from somebody else, I gather, the fiance, right? But even if she does, she needs that money far more than the United States government needs it. I don't think that's the issue. I don't—fines are not going to deter conduct. It's not going to help her. If anything, it's going to hurt her. I don't think a fine is the answer. I think a term of probation is the answer here.

(*Id.* 8:17–9:1.) Additionally, the magistrate judge specifically noted throughout the hearing—at a minimum, implicitly—the nature and circumstances of Fore-Durham's offense, her criminal history, and the need to deter future conduct. While the magistrate judge's reasoning with respect to some sentencing factors was terse, a lengthy explanation was not required with respect to each § 3553(a) factor. *Chandia*, 675 F.3d at 341 (explaining that a lengthy explanation need not be given for each factor).

Moreover, although Fore-Durham takes issue with the weight given by the magistrate judge to the need to deter future conduct, the magistrate judge did not abuse his discretion when affording one of the sentencing factors more weight than the others. *See Pauley*, 511 F.3d at 476 (citing *Gall*, 552 U.S. at 59; *Kimbrough*, 552 U.S. at 100–01). Finally, the Court cannot

gather from the record, as Fore-Durham suggests, that the magistrate judge's assessment was not individualized. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) ("When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" (quoting *Gall*, 552 U.S. at 50)). Indeed, the magistrate judge's consideration of Fore-Durham's criminal history and her perceived inability to pay a fine was plainly specific to her. Likewise, the conversation between the magistrate judge and Fore-Durham's counsel pertained to Fore-Durham specifically. Accordingly, the magistrate judge's sentence in this case was not procedurally unreasonable.

### B. Substantive Reasonableness

The magistrate judge's sentence in this case also was not substantively unreasonable. As articulated above, a "deferential abuse-of-discretion standard" applies to any sentence regardless of where it falls on the Guidelines spectrum. *Savillon–Matute*, 636 F.3d at 122. In spite of the significant deference owed to the magistrate judge's sentence, Fore-Durham posits that the sentence imposed was substantively unreasonable. (*See* Fore-Durham Appeal Br. 9.) This argument falters. As discussed earlier, the magistrate judge placed heavy emphasis on the need to deter future conduct and deemed it significant enough to warrant the imposition of a sentence of 12 months' probation, which this Court notes is well below the statutory maximum term of probation of 5 years. Critically, even if this Court were to find the magistrate judge's reasoning unpersuasive, "[t]he fact that the [reviewing] court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Accordingly, the magistrate judge's sentence in this case was not substantively unreasonable.

## IV. CONCLUSION

For the reasons stated, the Court will affirm the magistrate judge's findings and the sentence imposed, and Fore-Durham's Appeal of the Magistrate Judge's Decision to the District Court will be denied (ECF No. 11).

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this 6th day of May 2016.